UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

TERRI L.,[1]

               Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

               Defendant.

Case No. 6:21-cv-01425-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff Terri L. seeks judicial review of the final decision by the Commissioner of

Social Security ("Commissioner") denying her application for Supplemental Security Income

("SSI") disability benefits under Title XVI of the Act, 42 U.S.C.  §§ 1381-1383f.  This court has

jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g).  For

the reasons set forth below, that decision is REVERSED and REMANDED for further

proceedings consistent with this opinion.

**PROCEDURAL HISTORY**

Plaintiff protectively filed for SSI on February 13, 2019.  She initially alleged disability

beginning on July 1, 2018, but amended the onset date to February 13, 2019.   Her application

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of
plaintiff's last name.

1 – OPINION AND ORDER

was initially denied on November 14, 2019, and upon reconsideration on May 22, 2020.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on

February 25, 2021. The ALJ issued a decision on March 21, 2021, finding plaintiff not disabled

within the meaning of the Act. The Appeals Council denied plaintiff's request for review on

July 30, 2021. Therefore, the ALJ's decision is the Commissioner's final decision and subject to

review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper

legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C.

§ 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the

evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by

isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-

10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This

court may not substitute its judgment for that of the Commissioner when the evidence can

reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746

(9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational

interpretation, the Commissioner's decision must be upheld if it is "supported by inferences

reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)

(citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A).  The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 13, 2019.  At step two, the ALJ determined plaintiff suffered from the following severe impairments: cervical spine degenerative disc disease; diabetes mellitus type II; peripheral neuropathy bilateral upper extremities; lumbar spine degenerative disc disease status post fusion; right lateral epicondylitis; chronic pain syndrome (20 CFR 416.920(c)).

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined she could "perform light work as defined in 20 CFR 416.967(b) with the ability to occasionally climb ladders, ropes, scaffolds, and occasionally stoop and crawl. The claimant is able to reach overhead no more than frequently, with both arms. The claimant can handle and finger frequently with both hands. The claimant needs to avoid concentrated exposure to extreme cold and extreme heat, and needs to avoid concentrated exposure to workplace hazards, such as heights and heavy machinery."

At step four, the ALJ found plaintiff was capable of performing past relevant work as a cleaner, housekeeping (DOT #323.687-014, SVP 2 light exertional level) and a light duty folder (DOT #369.687-018, SVP 2, light exertional level)has no past relevant work.  Thus, the ALJ concluded plaintiff was not disabled.

**DISCUSSION**

Plaintiff contends that ALJ erred in rejecting testimony from her and her sister.

I.    **Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted).  A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).  The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted).  If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence.  20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8.  The lack of objective medical evidence

may not form the sole basis for discounting a claimant's testimony.  *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")).  However, when coupled with another permissible reason, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony.  *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004)).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p.  *See* SSR 16-3p, *available at* 2016 WL 1119029.  SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.  *Id.* at *1-2.  The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record."  *Id.* at *4.

Plaintiff contends the ALJ erred in rejecting her testimony that she "lies down every two-to-three hours" and "has an inability to stay in one position for long with lying down interspersed throughout her day."  Pl. Br. 3 (citing Tr. 66).  The ALJ found "the intensity of symptoms are not entirely consistent with the record."  Tr. 66.  The ALJ acknowledged that objective findings

support some limitations, but "examination results and [plaintiff's] treatment history call greater

limitations into serious question."  Tr. 66.

　　　More specifically, the ALJ observed:

- Outside of physical therapy notes and a couple of presentations for back pain not long after a small motor vehicle accident that exacerbated her symptoms, plaintiff's gait and strength were normal, including in her upper extremities (Exs. B3F/4, 9; B8F/27, 53, 80; B10F/2, 6; B12F/4; B13F/12, 21; B16F/24, 43-44, 48).

- Plaintiff testified that she had numbness and hand problems that resulted in her working slowly and dropping items, yet she also testified to playing on her phone and she smoked 20-30 cigarettes a day, (Ex. B16F/20), both of which require an ability to handle and finger multiple times during the day.

- Plaintiff testified to being concerned about getting surgery on her neck when explaining why she had not pursued surgery in light of the severity of her symptoms, yet recent notes advised that she had not been motivated enough to quit smoking for surgery and continues smoking one pack per day (Ex. B16F/6-7).

- Although plaintiff's neck pain was improving from physical therapy in 2020-2021, (Ex. B16F/29, 31, 38), she testified that she was no longer attending physical therapy, despite notes from B16F recommending more in terms of movement and therapies. Given that plaintiff was able to afford a pack of cigarettes a day, it was surprising that she has not sought out additional therapies, regardless of insurance problems, due to the severity of her alleged symptoms.

- As for her testimony that her sister brings her a chair for the shower, this has not been prescribed by the claimant's providers.

- Even the side effect of tiredness from one of the claimant's medications that she testified to is rare during the day when the claimant would be working, as she generally takes this medication at night.

　　　Plaintiff goes to great lengths to show that the medical evidence is not inconsistent with

her claimed pain and limitations.  *See* Pl. Br. 5-11.  The Commissioner argues that the ALJ's

interpretation of the record must be upheld if the evidence is susceptible to more than one

interpretation.  *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the

evidence is susceptible to more than one rational interpretation, we must uphold  the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

However, as previously noted, even assuming the medical record is inconsistent with plaintiff's testimony, this cannot be the sole reason for discounting it.  The Commissioner argues the ALJ also "determined that Plaintiff's activities conflicted with her self-reports."  Def. Br. 5. Specifically, the Commissioner contends that plaintiff's allegations that she "pretty consistently" experienced sharp pain in her hands when she used her thumbs and "dropp[ed] things constantly" conflict with the fact she played on her phone and smoked 20-30 cigarettes a day.  Def. Br. 5. But smoking a cigarette does not require much manual strength or dexterity.  And, with respect to her phone, plaintiff merely testified that she would "maybe play on [her] phone [a] little bit" while she drank her coffee.  Tr. 95.  Moreover, plaintiff did not attribute the sensation in her hands to "any particular movement."  Tr. 92.  She described that it "just happens" when her tendon gets swollen and she moves her hand "just right."  *Id.*  She explained that, depending on how her body is responding to a movement at that particular time, she will experience a "sharp zing all the way down her fingers and thumb and kind of numbs on that."  *Id.*

The ALJ also noted that plaintiff's lack of motivation to quit smoking prevented her from obtaining surgery.  But plaintiff smoked for 36 years and wanted to quit; however, she struggled to do so.  Tr. 681; Tr. 654 ("Struggling with quitting smoking . . . Not confident that she can quit.");  Tr. 686 (describing heavy tobacco use and extensive smoking history for 36 years); Tr. 707 ("She wants to quit smoking . . . but struggles. The hand to mouth component is particularly hard for her to stop.").  The record shows that she tried.  For example, plaintiff reduced her smoking down from one pack to half a pack per day, and was starting to smoke only part of each cigarette.  Tr. 603, 681.  Plus she had tried patches, gum, lozenges, and Chantix without success.

Tr. 603.  Thus, the record does not support the conclusion that plaintiff declined surgery because of a voluntary refusal or lack of motivation to quit smoking.[2]

Finally, the ALJ discounted plaintiff's testimony because her neck pain was improving with physical therapy but she failed to continue physical therapy as recommended.  However, the record shows that plaintiff "completed physical therapy multiple times."  Tr. 149.  Moreover, plaintiff testified that she had used up all of her available physical therapy appointments.  Tr. 95.  "Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds."  *Gamble v. Chater,* 68 F.3d 319, 321 (9th Cir. 1995).

Additionally, even though plaintiff was unable to see a physical therapist, she testified that she still "walk[ed] around for a little bit" and tried to do some stretches on a daily basis.  Tr. 94; *see also* Tr. 95 (describing that on an average day, plaintiff gets up, does stretches moves around, and does some of her physical therapy exercises).  The ALJ observed that, "[g]iven plaintiff is able to afford a pack of cigarettes a day, it is surprising that she has not sought out additional therapies, regardless of insurance problems, due to the severity of her alleged symptoms."  Tr. 67.  But, as discussed, the record does not indicate that plaintiff's inability to stop smoking was because of the lack of a willingness to do so.  Therefore, the ALJ's conclusions are not supported by substantial evidence in the record.

---

[2] The ALJ also observed that plaintiff "testified to being concerned about getting surgery on her neck."  At the hearing, plaintiff affirmed, in response to the ALJ's questioning, that the "current status" of the surgery was that it was being "held off" due to her smoking.  Tr. 91.  She also added that she was "not sure if [she] wanted to go through with surgery on [her] neck" and she was "kind of scared of that."  Tr. 91.  This ambivalence does not constitute a significant inconsistency or conflict.  Medical records indicate that plaintiff wanted to go through with the surgery, Tr. 459, and had even undergone back surgery before.  Moreover, it is not surprising or unusual for an individual to express some fear about undergoing spinal surgery.

## II.    Lay Witness Testimony

The parties disagree whether the ALJ was required to articulate the basis for discounting nonmedical sources such as the testimony of her sister.  In any event, on remand, the ALJ shall reevaluate plaintiff's sister's testimony in the course of correcting the errors described in this opinion.

## III.    Credit-as-True Analysis

When a court determines the Commissioner erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing."  *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)).  In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand.  *Garrison*, 759 F.3d at 1020.  Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]"  *Id*. at 1021.

Here, the first requisite of the *Garrison* test is met.  As discussed above, the ALJ improperly rejected plaintiff's subjective symptom testimony.  However, the record, as a whole creates serious doubt as to whether plaintiff is disabled.  *See*, *e.g.*, Tr. 140-143, 158-162.  Therefore, this case must be remanded for further proceedings rather than the award of benefits.

**ORDER**

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED January 4, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

10 – OPINION AND ORDER